FILED
02-17-2017
CLERK OF CIRCUIT COURT
MARATHON COUNTY
2016CV000087
Honorable Gregory Huber
Branch 2

STATE OF WISCONSIN        CIRCUIT COURT        MARATHON COUNTY

Erik Sinclair
1117 Imperial Circuit #403
Eau Claire, WI. 54701

David Krall
812 Ferry Street
Eau Claire, WI. 54703

       Plaintiffs

       v.                         Case No.  16-CV-202

PGA Inc.
7306 Zinser Street
Weston, WI. 54476
       Defendant.

---

## SUMMONS

---

THE STATE OF WISCONSIN

To each person named above as a defendant:

    You are hereby notified that the plaintiff named above has filed a lawsuit or other legal action against you.  The Complaint, which is attached, states the nature and basis of the legal action.

    Within twenty (20) days of receiving this Summons, you must respond with a written Answer, as that term is used in Chapter 802 of the Wisconsin statutes, to the Complaint.  The court may reject or disregard an Answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the court, whose address is 901 North 9th Street, Milwaukee, Wisconsin  53233, and to The Previant Law Firm, S.C., plaintiff's attorneys, whose

1

address is 310 W. Wisconsin Ave. Suite 100MW; Milwaukee, Wisconsin 53212.  You may have an attorney help or represent you.

If you do not provide a proper Answer within twenty (20) days, the court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint.  A judgment may be enforced as provided by law.  A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated at Milwaukee, Wisconsin, this 17th day of February, 2017.

Yingtao Ho
yh@previant.com
Wis.  Bar #1045418
Attorney for Plaintiffs
The Previant Law Firm S.C.
310 W. Wisconsin Avenue, Suite 100MW
Milwaukee, WI  53203
Telephone: 414-271-4500
Fax: 414/271-6308

2

FILED
02-17-2017
CLERK OF CIRCUIT COURT
MARATHON COUNTY
2016CV000087
Honorable Gregory Huber
Branch 2

STATE OF WISCONSIN          CIRCUIT COURT          MARATHON COUNTY

Erik Sinclair
1117 Imperial Circuit #403
Eau Claire, WI. 54701

David Krall
812 Ferry Street
Eau Claire, WI. 54703

     Plaintiffs

     v.                                        Case No.  16-CV-202

PGA Inc.
7306 Zinser Street
Weston, WI. 54476
     Defendant.

---

## COMPLAINT

---

Plaintiffs, by their attorneys, for their complaint against Defendant state as follows:

1.      This is a collective action under the Fair Labor Standards Act, as well as a claim under Wisconsin prevailing wage laws by the Plaintiffs, current and former employees of the Defendant PGA Inc., to seek redress for PGA Inc's failure to pay to them wages required by federal and Wisconsin law.

### PARTIES AND JURISDICTION

2.      Each named Plaintiff is a former employee employed by PGA. FLSA and Wisconsin prevailing wage consent forms signed by the Plaintiffs, along with FLSA and Wisconsin law consent forms signed by other current and former PGA employees, are attached to this complaint.

3

3.      In addition to those Plaintiffs whose consent forms have been filed with the Court, Plaintiffs are also seeking to represent an opt-in class of all current and former PGA employees, whose overtime pay was computed at a rate lower than their regular rate, as required by the FLSA.

4      Defendant PGA is a Wisconsin corporation; and is a plumbing, sheetmetal, electrical, and excavating contractor that performs work throughout Wisconsin.

5      The Court has subject matter jurisdiction over this lawsuit pursuant to Wis. Stat. §109.03(5), as well as provisions of Wisconsin prevailing wage laws authorizing a direct lawsuit by employees against their employer for the underpayment of legally required wages.  This Court also has concurrent jurisdiction over any FLSA claims brought in this lawsuit.

6      The Court has personal jurisdiction over PGA in this action pursuant to Wis. Stat. §801.05(1) and (3) since all of the acts or omissions by the Defendant complained of in this complaint occurred in Wisconsin.

7.      Venue is proper in Marathon County Circuit Court pursuant to Wis. Stat. §801.50 when PGA is based in, and conducts substantial business in Milwaukee County.

### FACTS

8.      At all times relevant to the Complaint, PGA employees may receive multiple wage rates for working during the same week by either working on more than one project with different pay rates, or by receiving more than one pay rate for working on the same project.

9.      At all times relevant to the Complaint, PGA maintained a policy of paying overtime pay computed using the blended average straight time wage rate earned by the employee during the workweek.

4

10.      However, PGA systematically failed to implement its uniform policy.  Instead, PGA computed employee overtime pay using the rate for the type of work performed during overtime hours, rather than the average straight time wage rate earned by the employee during the workweek.

11.      During the Winter of 2014-2015 Plaintiff Erik Sinclair frequently came to the jobsite on Harvey Hall on the weekends, at the request of PGA Supervisors, to perform work.

12.      With the exception of one instance when PGA paid Sinclair for his Saturday work on a Friday, PGA neither paid, nor counted as hours worked, hours spent by Sinclair working on the Harvey Hall jobsite on weekends.

13.      When the Plaintiffs worked on prevailing wage projects for PGA, they were paid based on prevailing wage determinations that required the payment of different rates of total compensation, based on the trade classification for the type of work performed on the prevailing wage project.

14.      When the Plaintiffs performed work on prevailing wage projects, they would both perform skilled work using the tools of the trade, as well as more general support work such as demolishing preexisting ductwork using the tools of the sheetmetal trade, drilling holes to run pipes through, moving materials around the jobsite, the work expected to be performed by a leadman or foreman in the skilled trade, and cleaning up their own installation work.

15.      Because the lower skill work performed by the Plaintiffs were in support of journeyman skilled trades work by either the Plaintiffs themselves, or by another skilled worker in the same crew as the Plaintiffs, any lower skilled work performed by the Plaintiffs were a part

of, rather than separate and distinct from the skilled work performed by the Plaintiffs and their crew.

16.   PGA maintained a uniform policy of requiring employees to separately report work that they performed in different trades, even though work for a lower paid trade was not separate and distinct from work for a higher paid trade.

17.   When employees reported that they performed work of a lower paid trade, PGA would pay for such work at a lower prevailing wage rate, even though such work was performed in support of, rather than separate and distinct from work performed in a trade that had a higher prevailing wage pay rate.

## COLLECTIVE ACTION ALLEGATIONS

18.   Named Plaintiffs bring their First Claim for Relief, pursuant to the Fair Labor Standards Act, on their own behalf and on behalf of all other similarly situated Plaintiffs who lost overtime pay that they are entitled to under the FLSA, as a result of PGA's uniform practice of compensating overtime pay using the straight time pay rate for the type of work performed during overtime hours.

19.   The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b), for prospective members of the FLSA Class that are similarly situated to the Named Plaintiffs and have claims that are similar to their first claim for relief.

20.   The claims of the Named Plaintiffs are representative of the claims of members of the FLSA Class in that such employees were hourly employees, worked for PGA, and have

6

suffered the underpayment of the correct amount of overtime pay, as a result of PGA's uniform practice of computing overtime pay in violation of its own official policy.

**Count I.        Overtime Pay Claim Under the Fair Labor Standards Act.**

21.        Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 20 of the Complaint.

22.        Under the FLSA, overtime pay must be computed using the employee's regular rate of pay, unless there was an agreement or understanding between the employer and the employee to compensate for overtime hours worked using the rate for the type of work performed during overtime hours.

23.        Since PGA intended to compensate its employees using their regular blended rate of pay, rather than the rate for the type of work performed during overtime hours worked, there could not have been an agreement or understanding between PGA and its employees to compute overtime pay using the rate for the type of work performed during overtime hours worked.

24.        PGA's actual systematic practice of computing overtime pay using the rate for the type of work performed during overtime hours worked, rather than the employee's blended regular rate, therefore violated the FLSA.

25.        PGA additionally violated the FLSA when it failed to count as hours, and failed to pay at overtime rates, time spent by Sinclair working on the Harvey Hall project on weekends.

26.        The Plaintiffs are entitled to application of the three year statute of limitations for PGA's willful violations of the FLSA when PGA's failure to make any attempt to ensure that it computed overtime pay in a manner consistent with its official policy was at a minimum

reckless, rather than merely negligent; while its knowing failure to count Sinclair's weekend work time as hours worked was similarly at a minimum reckless.

27.    The plaintiffs are additionally entitled to their reasonable attorneys fees and costs of bringing their FLSA claims against PGA.

**Count II.       Claim for Straight Time and Overtime Pay Under Wisconsin Law.**

28.    Named Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 27 of the Complaint.

29.    PGA violated Wisconsin overtime regulations when it failed to provide any compensation to Sinclair for his hours worked over 40 per week which occurred while he worked at the Harvey Hall project on weekends.

30.    To the extent any Plaintiffs, or anyone else who filed an opt-in notice with the Court, recovered additional prevailing wages against PGA in this lawsuit, such additional prevailing wages should be added back to compute the Plaintiff's actual regular wage rate earned during the workweek.

31.    Plaintiffs are entitled to recover against PGA all additional overtime pay they would have received, had PGA included their prevailing wage recovery in computing their regular rate for overtime pay.

32.    Plaintiffs are entitled to recover, in addition to all overtime wages owed to them by PGA, 50% of the owed wages as increased damages, plus their attorneys fees and costs of bringing these Wisconsin law claims.

8

Count III.    Wisconsin Prevailing Wage Claim Against Defendants

33.    Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 32 of the Complaint.

34.    Under Wisconsin prevailing wage laws, an employer may apply cross classification, and pay the employee at two different prevailing wage rates for working on the same project, only when the work performed by the employee in different trades are separate and distinct from each other.

35.    On the other hand, all work performed by employees in support of higher paid work to be performed by either that either the workers themselves, or by the skilled trades crew that the workers are a part of, must be paid at the employee's higher, primary classification.

36.    PGA therefore violated Wisconsin prevailing wage laws by paying to its employees prevailing wages for two different trades for working on the same project, when the work is closely related to each other, rather than separate and distinct.

37.    PGA violated Wisconsin prevailing wage laws when it failed to compensate the Plaintiffs for all overtime hours worked on Wisconsin prevailing wage projects, such as work on weekends, or work over 10 hours per day on weekdays.

38.    To the extent PGA ever did pay prevailing wage overtime pay to employees using a blended rate, the use of the blended rate is unlawful, and violates DWD §290.05, to the extent that the blended rate is lower than the straight time prevailing wage rate to be paid to the employee for performing the same work on the same project.

39.    Pursuant to Wisconsin's prevailing wage laws, other current and former PGA employees can opt into these prevailing wage claims, by filing a consent form with the Court.

40.    Plaintiffs are entitled to recover against PGA, in addition to all owed prevailing wages, 100% increased damages, as well as their attorneys fees and costs of bringing these prevailing wage claims.

WHEREFORE, the Plaintiffs respectfully request the Court to enter an order that:

1.    Finds that PGA is liable to the Plaintiffs for all unpaid overtime pay, 100% liquidated damages, and attorneys fees and costs arising out of the Plaintiffs' claims under the Fair Labor Standards Act;

2.    Finds that PGA is liable to the Plaintiffs for all unpaid straight time and overtime wages that they are owed under Wisconsin law, plus 50% increased damages, and their attorneys fees and costs arising out of the Plaintiffs' claims under Wisconsin law;

3.    Finds that PGA is liable to Plaintiffs for all prevailing wages owed, plus 100% increased damages, and their attorneys fees and costs arising out of the Wisconsin prevailing wage laws;

4.    Grants to the Plaintiffs such other and further relief as the Court deems just and proper.

Dated this 17th day of February, 2017.

Yingtao Ho
yh@previant.com
Wis. Bar #1045418
Attorney for Plaintiffs
The Previant Law Firm S.C.
310 W. Wisconsin Avenue, Suite 100MW
Milwaukee, WI  53203
Telephone: 414-271-4500
Fax: 414/271-6308

Consent to Opt In and
Participate as a Named Plaintiff in Suit for
Violations of Fair Labor Standards Act

I, _Eugene Nickell_, hereby consents to participate in the lawsuit against PGA Inc. ("PGA"). I understand that this consent will be filed simultaneously with a lawsuit against PGA to recover unpaid overtime and other compensation, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years, I have worked for PGA in excess of forty (40) hours in individual work weeks, and have not received the full amount of overtime wages owed to me under the FLSA.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Full Legal Name: _Eugene Larry Nickell_   Dated: _1/9/2016_

Signed _Eugene Nickell_

## CONSENT FORM

I, *Eugene Nickel,* hereby consent to becoming a plaintiff in a lawsuit for Wisconsin prevailing wages against PGA Inc ("PGA"). I understand that the claims of the lawsuit will include, but may not be limited to claims that I did not receive the correct amount of overtime pay for my hours worked on prevailing wage projects. I further understand, and consent to suing PGA for double damages, as well as my actual attorneys fees and costs of prosecuting the lawsuit.

I further understand that this consent form will be filed with the court as an exhibit to the complaint.

Dated this __4__ th day of January, 2016.

Consent to Opt In and
Participate as a Named Plaintiff in Suit for
Violations of Fair Labor Standards Act

I, _*Blaine*_____, hereby consents to participate in the lawsuit against PGA Inc. ("PGA"). I understand that this consent will be filed simultaneously with a lawsuit against PGA to recover unpaid overtime and other compensation,  liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years, I have worked for PGA in excess of forty (40) hours in individual work weeks, and have not received the full amount of overtime wages owed to me under the FLSA.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Full Legal Name: _*Blaine W. Krohn*_____ Dated: _*1-20-16*_____

Signed: _*Blaine Krohn*_____

**CONSENT FORM**

I, _Blaine_ hereby consent to becoming a plaintiff in a lawsuit for Wisconsin prevailing wages against PGA Inc ("PGA"). I understand that the claims of the lawsuit will include, but may not be limited to claims that I did not receive the correct amount of overtime pay for my hours worked on prevailing wage projects. I further understand, and consent to suing PGA for double damages, as well as my actual attorneys fees and costs of prosecuting the lawsuit.

I further understand that this consent form will be filed with the court as an exhibit to the complaint.

Dated this _20_th day of January, 2016.

CONSENT FORM

I, _RAYMOND J KREMENIC_ , hereby consents to participate in the lawsuit against PGA Inc.  I understand that this consent will allow me to join a lawsuit to recover overtime pay and other available damages under the Fair Labor Standards Act.  This written consent is intended to serve as my consent in writing to join in this lawsuit.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Dated this 30 th day of December, 2016.

## CONSENT FORM

I, Raymond Klemencic, hereby consent to becoming a plaintiff in a lawsuit for Wisconsin prevailing wages against PGA Inc ("PGA"). I understand that the claims of the lawsuit will include, but may not be limited to claims that I did not receive the correct amount of overtime pay for my hours worked on prevailing wage projects, and that I was misclassified for my hours worked on prevailing wage projects. I further understand, and consent to suing PGA for double damages, as well as my actual attorneys fees and costs of prosecuting the lawsuit.

I further understand that this consent form will be filed with the court as an exhibit to the complaint.

Dated this _15_ th day of November, 2016.

_____
Raymond Klemencic

CONSENT FORM

I, _____Wyly Scholte_____, hereby consents to participate in the lawsuit against PGA Inc.  I understand that this consent will allow me to join a lawsuit to recover overtime pay and other available damages under the Fair Labor Standards Act.  This written consent is intended to serve as my consent in writing to join in this lawsuit.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Dated this _20_ th day of November, 2016.

CONSENT FORM

I, David Krall, hereby consents to participate in the lawsuit against PGA Inc.  I understand that this consent will allow me to join a lawsuit to recover overtime pay and other available damages under the Fair Labor Standards Act.  This written consent is intended to serve as my consent in writing to join in this lawsuit.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

        Dated this __7th day of November, 2016.

David Krall

## CONSENT FORM

I, David Krall, hereby consent to becoming a plaintiff in a lawsuit for Wisconsin prevailing wages against PGA Inc ("PGA").  I understand that the claims of the lawsuit will include, but may not be limited to claims that I did not receive the correct amount of overtime pay for my hours worked on prevailing wage projects.  I further understand, and consent to suing PGA for double damages, as well as my actual attorneys fees and costs of prosecuting the lawsuit.

I further understand that this consent form will be filed with the court as an exhibit to the complaint.

Dated this ⎯7⎯ th day of November, 2016.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
David Krall

## CONSENT FORM

I, Erik Sinclair, hereby consents to participate in the lawsuit against PGA Inc. I understand that this consent will allow me to join a lawsuit to recover overtime pay and other available damages under the Fair Labor Standards Act. This written consent is intended to serve as my consent in writing to join in this lawsuit.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Dated this 9 th day of November, 2016.

Erik Sinclair

**CONSENT FORM**

I, Erik Sinclair, hereby consent to becoming a plaintiff in a lawsuit for Wisconsin prevailing wages against PGA Inc ("PGA"). I understand that the claims of the lawsuit will include, but may not be limited to claims that I did not receive the correct amount of overtime pay for my hours worked on prevailing wage projects, and that I was misclassified for my hours worked on prevailing wage projects. I further understand, and consent to suing PGA for double damages, as well as my actual attorneys fees and costs of prosecuting the lawsuit.

I further understand that this consent form will be filed with the court as an exhibit to the complaint.

Dated this 9 th day of November, 2016.

_____
Erik Sinclair

Consent to Opt In and
Participate as a Named Plaintiff in Suit for
Violations of Fair Labor Standards Act

I, _Eric Schilling_ hereby consents to participate in the lawsuit against PGA Inc. ("PGA"). I understand that this consent will be filed simultaneously with a lawsuit against PGA to recover unpaid overtime and other compensation, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years, I have worked for PGA in excess of forty (40) hours in individual work weeks, and have not received the full amount of overtime wages owed to me under the FLSA.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Full Legal Name: _Eric Todd Schilling_ Dated: _1/22/16_

Signed: _Eric Schilling_

CONSENT FORM

I, _Doug Bannister_____, hereby consents to participate in the lawsuit against PGA Inc.  I understand that this consent will allow me to join a lawsuit to recover overtime pay and other available damages under the Fair Labor Standards Act.  This written consent is intended to serve as my consent in writing to join in this lawsuit.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Dated this 28th day of November, 2016.

CONSENT FORM

I, _____Dale  B.  Mills_____, hereby consents to participate in the lawsuit against PGA Inc.  I understand that this consent will allow me to join a lawsuit to recover overtime pay and other available damages under the Fair Labor Standards Act.  This written consent is intended to serve as my consent in writing to join in this lawsuit.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Dated this _26_ th day of November, 2016.

CONSENT FORM

I, _Ryan Bergeman_____, hereby consents to participate in the lawsuit against PGA Inc.  I understand that this consent will allow me to join a lawsuit to recover overtime pay and other available damages under the Fair Labor Standards Act.  This written consent is intended to serve as my consent in writing to join in this lawsuit.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Dated this _26_ th day of November, 2016.

CONSENT FORM

I, _Jeremy Buck_____, hereby consents to participate in the lawsuit against PGA Inc. I understand that this consent will allow me to join a lawsuit to recover overtime pay and other available damages under the Fair Labor Standards Act. This written consent is intended to serve as my consent in writing to join in this lawsuit.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Dated this __25__ day of November, 2016



CONSENT FORM

I, _____Timothy Danley_____, he eby consents to participate in the lawsuit against PGA Inc.  I understand that this consent will allow me to join a lawsuit to recover overtime pay and other available damages under the Fair Labor Standards Act.  This written consent is intended to serve as my consent in writing to join in this lawsuit.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Dated this ☐th day of November, 2016.