IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ERIK SINCLAIR and DAVID KRALL,
on behalf of themselves and all others
similarly situated,

                Plaintiffs,           OPINION AND ORDER

    v.

                                         17-cv-224-wmc

PGA INC.,

                Defendant.

In this hybrid FLSA collective action and state labor law putative class action, plaintiffs Erik Sinclair and David Krall assert claims against defendant PGA, Inc., for allegedly failing to pay overtime hours and for failing to calculate correctly the prevailing wage, on behalf of themselves individually and other similarly-situated employees. In answering the complaint, defendant PGA Inc. also asserted a counterclaim for unjust enrichment against plaintiff Sinclair on the basis that he was actually *overpaid* for hours in which he performed foreman work on a prevailing wage project. (Countercl. (dkt. #7) pp.21-24.) Before the court is plaintiffs' motion to dismiss the counterclaim for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. #16.) Because the court determines that defendant has plead a claim for unjust enrichment and plaintiff's arguments go to the underlying merits of that claim, rather than the legal sufficiency of the pleadings, the court will deny the motion to dismiss.

ALLEGATIONS OF FACT[1]

Material to defendant's counterclaim, PGA alleges that plaintiff Sinclair worked on one prevailing wage project, as well as non-prevailing wage projects, during the course of his 11-month employment with defendant. During his time working on the prevailing wage project, the Harvey Hall Project, Sinclair was paid at the General Laborer rate of $37.63/hour and Sheetmetal Worker rate of $51.21/hour. However, defendant now alleges that Sinclair "acted in a capacity similar to a foreman" while on that project, because he "directed PGA employees what to install and where, reviewed blueprints, sent manpower where it needed to go, and coordinated work on the job site so that different trade workers could perform their work on schedule." (Countercl. (dkt. #7) ¶ 8.) Defendant further alleges that the "prevailing wage rates on the Harvey Hall Project do not apply to the Foreman work; instead, Sinclair should have been compensated at his $18/hour non-prevailing-wage rate for each hour he spent performing the Foreman Work." (*Id.* at ¶ 9.) Finally, defendant alleges that Sinclair was aware that he was being paid at the higher rates and did not notify PGA that he was performing the work of a foreman. As such, defendant alleges that Sinclair was "overpaid for every hour that [he] performed the Foreman Work instead of general labor or sheetmetal work on the Harvey Hall Project." (*Id.* at ¶ 11.)

OPINION

Plaintiff seeks dismissal of defendant's counterclaim for two reasons: (1) defendant

---

[1] In resolving a motion to dismiss under Rule 12(b)(6), the court accepts all of the factual allegations in the complaint as true and draws all inferences in the pleader's favor. *Killingsworth v. HSBC Bank Nev.*, 507 F.3d 614, 618 (7th Cir. 2007).

does not allege that Sinclair *only* performed foreman duties, and no manual labor, while working on prevailing wage projects, nor that the work was "separate and distinct" from his other work necessary to state a claim that he was overpaid; and (2) defendant has failed to allege facts sufficient to find that paying Sinclair at the higher prevailing wage rate was inequitable. The court addresses each argument in turn.

In support of the *first* basis for dismissal, plaintiff directs the court to the Department of Workforce Development's "public guidance" on excluding "Foremen that do not perform manual labor on the site of a project" from the prevailing wage laws. (Pl.'s Opening Br. (dkt. #9) 4 (citing DWD Question & Answer on the Prevailing Wage, 2012, under question "Do these laws cover all workers?").) From this, plaintiff reasons, defendant has failed to state a viable claim absent an allegation that Sinclair *only* performed foremen duties. Obviously anticipating defendant's response -- consistent with its pleading -- that PGA seeks reimbursement only for those hours Sinclair actually worked as a foreman, plaintiff argues that this distinction "implicates the DWD's cross classification rules," citing another "public guidance question and answer" in which the DWD explained:

> If a worker performs the duties of more than one trade or occupation, the worker must be paid the prevailing wage rate determined for each trade or occupation. *Cross-classification is to be used only when the duties performed by each classification are separate and distinct.* If a worker performs incidental work in another classification, then the worker must be compensated at the higher primary classification prevailing wage rate. "Incidental work" means work performed in a classification other than an employee's primary classification that is paid a lower prevailing wage rate and performed for 15% or less of the employee's time spent working on a particular project of public works during a given work week.

(Pl.'s Opp'n (dkt. #9) 5 (citing DWD Question & Answer on the Prevailing Wage, 2012,

under question "Can a worker be classified in more than one trade or classification?") (emphasis added).) As such, plaintiff contends that defendant must at least allege that Sinclair's foreman duties were separate and distinct from his other duties and did not constitute "incidental work."

As an initial matter, it is not clear that this court can even take judicial notice of these "public guidance" statements for purposes of considering plaintiff's motion to dismiss. *See Geinosky v. City of Chi.*, 675 F.3d 743, 745 (7th Cir. 2012) ("A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice."). Even assuming that these Question and Answer exchanges are a matter of public record, defendant further points to a DWD "standard letter," which purports to explain that "if an employee performed manual labor on a site for four hours, and then performed foreman work for two hours, then only the four hours spent performing manual work are subject to the prevailing wage rate." (Def.'s Opp'n (dkt. #16) 5 & n.2 (citing Ex. A).)

The parties' exchange highlights the disputed issues of fact as to the nature of Sinclair's work, whether his foreman duties were separate from manual labor, and the extent of time spent on his foreman duties, as well as a disputed issue of law as to the appropriate standard governing a determination as to whether Sinclair was overpaid during his time on the prevailing wage project. The factual issues fall outside of the scope of a motion to dismiss, even if the legal issue may not. Regardless, in its counterclaim, defendant alleges that: (1) Sinclair spent hours working as a foreman for which he should

have been paid a lower rate; (2) he was aware of this discrepancy; and (3) it would be unjust for him to retain the difference in pay between the higher prevailing wage rate and the lower foreman rate. This is sufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that dismissal is only warranted if no recourse could be granted under any set of facts consistent with the allegations).

*Second*, plaintiff argues that even if Sinclair were overpaid for some of his time working on the prevailing wage project, the payment was not inequitable because the pay rates he received are reflective of the market value of foreman services, which would make it inequitable to pay Sinclair $20 to $30 less than the rates of the tradesmen that he was responsible for supervising. (Pl.'s Opening Br. (dkt. #9) 7.)[2] Here, too, plaintiff's argument extends beyond the scope of a motion to dismiss, touching on factual issues as to what constitutes a reasonable rate for foreman duties, in addition to factual determinations of what is "equitable."

Indeed, plaintiff's motion fundamentally misses both the purpose and limitations of a Rule 12(b)(6) motion. *See My Health, Inc. v. Gen. Elec. Co.*, No. 15-CV-80-JDP, 2015 WL 9474293, at *2 (W.D. Wis. Dec. 28, 2015) (explaining that the motion to dismiss phase of the proceedings "is not an opportunity for the court to find facts or weigh evidence"). While plaintiff may ultimately prevail -- indeed, it seems unlikely that defendant will be able to prove that it was unaware of how Sinclair was spending his time

---

[2] Relatedly, plaintiff points to its voluntary payment doctrine defense, arguing that defendant failed to allege that this defense is not applicable, but PGA is not required to anticipate affirmative defense in its pleading of a counterclaim anymore than would a plaintiff in the original complaint. *See Independent Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012).

5

on the prevailing wage project, or that Sinclair was somehow obligated to inform its employer which hours he spent performing work as a foreman -- that determination must await another day.

ORDER

IT IS ORDERED that plaintiff Eric Sinclair's motion to dismiss counterclaim (dkt. #8) is DENIED.

Entered this 14th day of March, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge