UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

Erik Sinclair
David Krall, and
Dale Mills,

                Plaintiffs,

      v.

PGA Inc.

                Defendant.

Case No. 17-CV-224

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE**

The parties, by their attorneys, hereby jointly move for an order approving the Settlement Agreement attached as Exhibit 1 to this Motion as to the FLSA claims and dismissing this action with prejudice and without costs to any party pursuant to Federal Rule of Civil Procedure 41.

**BACKGROUND**

**A.**    **Procedural History**

Plaintiffs Erik Sinclair ("Sinclair") and David Krall ("Krall") filed a complaint in Wisconsin state court, in the Marathon County Circuit Court, on February 17, 2017. (Dkt. # 1, ¶ 2.) The complaint asserted claims under the Fair Labor Standards Act ("FLSA") and Wisconsin wage law. (Dkt. # 1-1.) On March 21, 2017, Defendant PGA Inc. ("PGA") filed a Notice of Removal. (Dkt. # 1.) On January 3, 2018, Plaintiffs' counsel filed a Motion for Leave to Amend the Complaint to add an additional plaintiff, Dale Mills. (Dkt. # 27.) This Motion was granted on October 30, 2018. (Dkt. # 95 at 3.) On December 17, 2018, Plaintiffs moved for leave to amend

39462043

their complaint to add Doug Bannister, Jeremy Buck, and Raymond Klemencic as additional plaintiffs. (Dkt. # 108.) The Court permitted Plaintiffs to add these three individuals (and several others) to assert a claim under Wisconsin wage law. (Dkt. #106 at 21.)

The parties stipulated to conditional certification of a collective action under the FLSA on September 20, 2017. (Dkt. #21.) However, on December 12, 2018, the Court granted PGA's motion for leave to decertify the conditionally-certified collective action for the FLSA claims. (Dkt. #95.) Similarly, the Court denied Plaintiffs' motion for leave to certify a class pursuant to Rule 23 on the state law claims. (*Id.*) As such, as of the time of settlement, Plaintiffs were only pursuing individual claims. (Dkt. #106.)

Prior to reaching a settlement in this matter, the parties conducted substantial discovery. (Driscoll Decl. ¶ 2.) The parties exchanged written discovery requests and responses. (*Id.* ¶ 3.) PGA produced hundreds of pages of relevant documents, including detailed electronic time records and compensation records for the named Plaintiffs and each opt-in class member. (*Id.*) Plaintiffs' counsel took a corporate representative deposition pursuant to Fed. R. Civ. P. 30(b)(6), and Defendant's counsel took the depositions of David Krall and Erik Sinclair. (*Id.* ¶ 4.) The parties mediated the instant action in September 2017. (*Id.* ¶ 5.) Plaintiffs' counsel provided a damages computation prior to mediation.[1] (*Id.* ¶ 6.) As of the time of this settlement, all discovery had been completed. (Ho Decl., ¶ 2; Driscoll Decl., ¶ 7.)

### B. The FLSA Claims Asserted in the Instant Action.

Plaintiffs asserted two FLSA claims in this case. First, Plaintiffs asserted that PGA violated the FLSA by failing to calculate a straight time average rate and pay Plaintiffs overtime based on that rate (the "blended rate" claim). (Dkt. # 1-1.) PGA denies that any overtime was

---

[1] The damages computation provided by Plaintiffs' counsel included damages for the FLSA and Wisconsin wage law claims in the instant action and damages for the claims in the related action also before this Court, *Schilling v. PGA Inc.*, 16-CV-202-wmc.

improperly calculated and argues that an exception to the blended rate under § 207(g)(2) is applicable as PGA entered into an agreement or understanding with employees to pay at the rate worked during the overtime hours. (Dkt. #106 at 11.) Plaintiffs moved for summary judgment on their blended rate claim. The Court granted summary judgment on this claim as it applied to Sinclair for a single work week, July 20-24, 2015, holding that his overtime should have been calculated at a rate of $24.93 but was instead calculated at $24.21. (Dkt. #106 at 10.) As such, Sinclair is entitled to less than $8.64 in damages for the 8 hours of overtime worked that week. (*Id.*) As to Krall, the Court dismissed his claim under the FLSA as it was undisputed that he did not work overtime while employed by PGA. (Dkt. #106 at 5, n.6, 21.) Mills is not pursuing an FLSA claim against PGA. (Ho Decl., ¶ 3.) As such, all of the FLSA "blended rate" claims in this matter were resolved by the Court's summary judgment decision. (*Id.* ¶ 4.)

In addition to the blended rate claim, Sinclair also asserted an individual claim under the FLSA for work performed on weekends (the "weekend work" claim). (Dkt. #1-1.) Sinclair alleges he performed 2 hours of work every weekend between November 2014 and March 2015. (Dkt. #106 at 7.) PGA disputes that Sinclair was not paid for weekend work and provided a declaration which demonstrates an agreement between PGA and Sinclair to pay Sinclair for his weekend work by adding hours to Friday that were not physically worked on Friday. (Dkt. #86, ¶¶ 8-9.) Sinclair moved for summary judgment on the weekend work claim. (Dkt. #65.) The Court found that there was a genuine dispute of material fact that precluded summary judgment on this claim. (Dkt. #106, at 20.)

The damages for Sinclair's weekend work claim are limited. (Ho Decl., ¶ 5.) Sinclair would only be entitled to overtime premium pay of $9 per hour for each hour of jobsite weekend work (given that his travel time from home to the jobsite on weekends is not compensable time

3

under the FLSA), and only if the jobsite weekend work occurred after he had already worked 40 hours for the week. (*Id.*)  As such, on the weekend work claim, Sinclair's total damages are no more than $200.

The parties continued to engage in settlement discussions following the Court's decision on the cross-motions for summary judgment. (Driscoll Decl. ¶ 8.) Shortly before this matter was set for trial, the parties notified the Court that they had reached a settlement in this case and, on January 18, 2019, the Court dismissed the case "without prejudice subject to any party moving to approve the FLSA claims, to dismiss with prejudice, or to reopen for good cause shown." (Dkt. # 116.) Pursuant to this Order, the parties now move the Court to approve the settlement of the FLSA claims and to dismiss the instant action with prejudice. A copy of the Settlement Agreement is being filed concurrently with this Motion.[2]

## ARGUMENT

FLSA claims cannot be settled in the absence of court or Department of Labor approval. *See Walton v. United Consumers Club, Inc*., 286 F.2d 303, 306 (7th Cir. 1986) ("[T]he Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay. Once the Act makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay. Otherwise the parties' ability to settle disputes would allow them to establish sub-minimum wages."). Where approval is required, the court must ensure that the settlement's terms and conditions (1) represent "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" and (2) reflect "a compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's

---

[2] The parties have concurrently filed a Joint Motion to File the Settlement Agreement under Seal.

overreaching." *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). The parties' proposed settlement here meets these requirements.

**I.    The Settlement is the Product of Bona Fide Disputes over FLSA Provisions.**

The only disputed issue involving the FLSA that remains in this case in Sinclair's weekend work claim. The parties dispute whether Sinclair is entitled to allegedly unpaid wages for weekend work. PGA asserts that Sinclair was paid for all weekend work and presented evidence in support of its opposition to Plaintiffs' summary judgment indicating that Sinclair and PGA agreed to compensate Sinclair for weekend work by logging the hours and Friday and thus Sinclair has been paid for all weekend work. (Dkt. #86, ¶¶ 8-9.)

Plaintiffs moved for summary judgment on the weekend work claim and the Court denied summary judgment finding that genuine issues of fact precluded summary judgment and as such, these issues remained for trial. In light of the above, the settlement in this case is the product of a bona fide dispute over FLSA provisions.

**II.    The Proposed Resolution is a Compromise of Disputed Issues.**

This settlement is not a settlement of a collective action because the Court previously decertified the conditionally-certified class. (Dkt. #95.)  The Settlement Agreement for which the parties seek approval resolves FLSA and state wage claims between PGA and seven individuals.[3] Of the seven individuals, only Sinclair has a potential FLSA claim against PGA.  Therefore, with the exception of a small payment to Sinclair, the settlement represents a compromise of Plaintiffs' prevailing wage claims, for which the parties are not seeking Court approval.

As to the settlement of Sinclair's FLSA claim, the settlement in this matter was reached after arms-length negotiations with the assistance of counsel for the parties. (Ho Decl., ¶ 7;

---

[3] The individuals who are parties to the Settlement Agreement are Sinclair, Krall, Dale Mills, Tim Danley, Jeremy Buck, Doug Bannister and Raymond Klemencic. As of the time of the settlement, Tim Danley had not been made a party to the instant action but was represented by Plaintiffs' counsel. (Ho Decl., ¶ 6.)

Driscoll Decl., ¶ 9.) The parties had sufficient information on which to assess the strength of their claims and defenses and on which to base their settlement negotiations. (Ho Decl., ¶ 8; Driscoll Decl., ¶ 10.) In deciding whether to approve the settlement, the court is "entitled to give consideration to the opinion of competent counsel." *Isby v. Bayh*, 75 F.3d 1191, 1200 (7th Cir. 1996) (approval of a Rule 23 class settlement). Counsel for both parties in this case are experienced in FLSA litigation and support the settlement. (Ho Decl., ¶ 9; Driscoll Decl., ¶ 11.)

While the parties did not formally allocate the settlement agreement's payment to Sinclair between payments for his FLSA claims and his prevailing wage claims, Sinclair's total payment under the settlement represents many multiples of the maximum amount that he could have recovered under the FLSA. (Ho Decl., ¶ 10.) The settlement should be approved when Sinclair has received more than the maximum amount he could have recovered under the FLSA.

Because Sinclair's FLSA recovery represents such a small percentage of the total recovery for the seven individuals who signed the settlement agreement, and because only a small fraction of time spent by Plaintiffs' counsel litigating this case was spent on Sinclair's FLSA claims, Plaintiffs' counsel took attorney's fees equal to less than 25% of the prevailing wage recovery for the seven Plaintiffs, without separate attorney's fees for resolving Sinclair's FLSA claims. (Ho Decl., ¶ 11.) There is thus no attorney's fee for the Court to consider as part of its approval of the parties' FLSA settlement.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the parties respectfully request that the Court enter an order approving the Settlement Agreement as to the FLSA claims and dismissing the lawsuit with prejudice and without costs to any party pursuant to Federal Rule of Civil Procedure 41.

Dated this 19th day of March, 2019.

    /s/ Yingtao Ho
Yingtao Ho
WI State Bar ID No. 1045418
The Previant Law Firm, S.C.

1555 North RiverCenter Drive, #202
P. O. Box 12993
Milwaukee, WI 53212
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: yh@previant.com

**Attorney for Plaintiffs**

Dated this 19th day of March, 2019.

Mailing Address:
P.O. Box 2018
Madison, WI 53701-2018
Telephone: 608-229-2200
Facsimile: 608-229-2100

    /s/ Robert S. Driscoll
John H. Zawadsky
WI State Bar ID No. 1008654
jzawadsky@reinhartlaw.com
Robert S. Driscoll
WI State Bar ID No. 1071461
rdriscoll@reinhartlaw.com

Reinhart Boerner Van Deuren s.c.
22 East Mifflin Street, Suite 600
Madison, WI 53703

**Attorneys for Defendant PGA, Inc.**