IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIK SINCLAIR, DAVID KRALL, and
DALE MILLS,

                Plaintiffs,                ORDER

   v.

                                                   17-cv-224-wmc

PGA INC.,

                Defendant.

---

Plaintiffs Erik Sinclair, David Krall and Dale Mills asserted wage and hour claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and Wisconsin state law against their former employer defendant PGA, Inc. After denying plaintiffs' motion for class certification of the state law claims and decertifying the conditionally-certified FLSA collective action, the court granted in part and denied in part the parties' motions for summary judgment, leaving two FLSA claims, both involving plaintiff Sinclair, for trial. On the eve of trial, however, the parties reached a settlement. In response, the court dismissed the remaining claims without prejudice "subject to any party moving to approve the FLSA claims, to dismiss with prejudice, or to reopen for good cause shown." (1/18/19 Order (dkt. #116).) Two months later, the parties filed a joint motion to approve the parties' settlement of Sinclair's FLSA claims. (Dkt. #118.)[1]

To avoid a challenge to the validity of a settlement of FLSA claims, either approval by a court or the Department of Labor is required. *See Walton v. United Consumers Club*,

---

[1] The settlement agreement also settles various state law claims, but the parties do not ask for court approval of that portion of the agreement and there is no reason to require it given that this is not a class action settlement.

786 F.2d 303, 306 (7th Cir. 1986) ("[T]he Fair Labor Standards Act is designed to prevent consenting adults from transaction about minimum wages and overtime pay. Once the Act makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay. Otherwise the parties' ability to settle disputes would allow them to establish sub-minimum wages."). In approving a settlement, the court must determine whether the settlement's terms and conditions represent "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" and reflect a "compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

As set forth in detail in the court's prior opinion and order on summary judgment, Sinclair pursued two FLSA claims based on defendant's alleged failure to (1) calculate overtime based on a "blended rate"; and (2) pay him for weekend work. (12/12/18 Op. & Order (dkt. #106) 3-4, 7-8, 9-13, 19-20.) In the settlement agreement, Sinclair received a lump sum payment of $8,500 to settle both these FLSA claim as well as state law claims. The parties did not allocate this payment between his FLSA claims and his state law claims, though counsel for plaintiffs represents that "Sinclair's total payment under the settlement represents many multiples of the maximum amount that he could have recovered under the FLSA." (Joint Mot. (dkt. #118) 6 (citing Ho Decl. (dkt. #121) ¶ 10).) Specifically, Attorney Ho represents that with respect to the weekend work claim, "Sinclair would only be entitled to overtime premium pay of $9 per hour for each hour of jobsite weekend work (given that his travel time from home to the jobsite on weekends is not compensable time

2

under the FLSA), and only if the jobsite weekend work occurred after he had already worked 40 hours for the week. As such, on the weekend work claim, Sinclair's total damages are no more than $200." (Ho Decl. (dkt. #121) ¶ 5.) As for the blended rate FLSA claim, the court concluded at summary judgment, that his claim was limited to one week, July 20-24, 2015. (12/12/18 Op. & Order (dkt. #106) 2.)[2]

Based on the court's review of the settlement agreement, coupled with its extensive consideration of Sinclair's FLSA claims, the court concludes that the settlement of Sinclair's FLSA claims is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions" and that it reflects a "compromise of disputed issues." Accordingly, IT IS ORDERED that the parties' joint motion to approve settlement agreement (dkt. #118) is GRANTED.

Entered this 27th day of June, 2019.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

---

[2] The settlement amount also purportedly covers state law claims, though from the summary judgment decision, it appears that Sinclair's state law claims are limited to the same theories underlying his FLSA claim. As such, the court concludes that even taking into account his state law claims, the settlement amount more than covers his FLSA claims.